SOUTHEASTERN ELECTRIC COMPANY, INC v BOARD OF
GOVERNORS OF WAYNE STATE UNIVERSITY

1. JUDGMENT—ACCELERATED JUDGMENT—COLLEGES AND UNIVERSITIES
—COURT OF CLAIMS ACT—NOTICE OF CLAIM.

A defendant state-supported university's motion for accelerated
judgment on the ground that the plaintiff company failed to file
timely notice of its claim as required by the Court of Claims
Act was properly granted where the judge's determination of
the date upon which the plaintiff's claim against the university
accrued was correct (MCLA 600.6431[1]).

2. CONTRACTS—CONSTRUCTION—DELAYS—LIABILITY FOR CLAIM.

No contractual relationship existed between the plaintiff and
defendant which would subject the defendant to liability for
claims asserted because of delays in construction where both
the general and supplemental general provisions of the con-
tract involved make clear that subcontractors are to look to the
general contractor for damages arising from delays.

Appeal from Court of Claims, William R. Peter-
son and Robert E. A. Boyle, JJ. Submitted Division
1 February 11, 1974, at Detroit. (Docket Nos.
15236, 15964.) Decided May 31, 1974.

Complaints by Southeastern Electric Company,
Inc., and Goss Mechanical Contracting Company
against the Board of Governors of Wayne State
University for damages allegedly suffered as the
result of delays in the construction of a building.
Accelerated judgment for defendant against plain-
tiff Southeastern Electric Company. Summary
judgment for defendant against Goss Mechanical

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Judgments §§ 448, 449.
[2] 17 Am Jur 2d, Contracts §§ 21, 22, 240–280, 286.

Contracting Company. Plaintiffs appeal. Cases consolidated. Affirmed.

*Marco, Eagan & Kennedy,* for plaintiff Southeastern Electric Company, Inc.

*Edward P. Simmet,* for plaintiff Goss Mechanical Contracting Company.

*Byron H. Higgins,* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. Southeastern Electric Co. and Goss Mechanical Contracting Co. brought separate actions against defendant, Wayne State University, for damages they each allegedly suffered as the result of delays in the construction of the speech and foreign language building at the university. The actions in the Court of Claims proceeded separately and each resulted in a determination favorable to defendant. Judge Peterson granted defendant's motion for accelerated judgment against plaintiff Southeastern Electric Co. on the ground that it failed to file timely notice of its claim as required by the Court of Claims Act, MCLA 600.6431(1); MSA 27A.6431(1). Judge Boyle, in the action brought against defendant by Goss Mechanical Contracting Co., held that plaintiff failed to state a claim upon which relief could be granted and, therefore, granted summary judgment in favor of defendant. Both plaintiffs now appeal the determination rendered below and the two actions were consolidated for consideration in this Court.

We have closely examined the records of these two cases and find ourselves unable to say that the

determinations rendered below were erroneous. It appears from our reading of the contracts and documents in the instant cases that, contrary to the positions of both plaintiffs, there were no contractual provisions requiring these plaintiffs to submit their claims against the university to the architect for resolution. This being so, Judge Peterson's determination of the date upon which plaintiff Southeastern Electric's claim against the university accrued was correct.

Similarly, we find no error in Judge Boyle's decision to grant summary judgment against plaintiff Goss Mechanical Contracting Co. Both the general and supplemental general provisions of the contract here involved make clear that the subcontractors are to look to the general contractor for damages arising from delays. No contractual relationship existed between plaintiff and defendant which would subject defendant to liability for the claims here asserted.

Affirmed.